UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| IVAN ANTJUAN BURLEY #315059, | ) |
|---|---|
| Petitioner, | ) |
| v. | ) No. 3:22-cv-00679 |
| | ) Judge Trauger |
| STATE OF TENNESSEE, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

Ivan Antjuan Burley, a pro se pretrial detainee, filed original and amended petitions for a writ of habeas corpus under 28 U.S.C. § 2241. (Doc. Nos. 1, 5.) He has now paid the filing fee (Doc. No. 6), so the petitions are before the court for preliminary review to determine "[i]f it plainly appears from the petition[s] and any attached exhibits that the petitioner is not entitled to relief." Habeas Rule 4; Habeas Rule 1(b) (allowing application of Habeas Rules to Section 2241 petitions). And for the following reasons, this case will be dismissed without prejudice.

**I.      Background**

The petitioner is challenging his ongoing Sumner County prosecution for attempting to possess narcotics.[1] (Doc. No. 1 at 2.) That criminal case has been pending since June 2016,[2] and the course of proceedings includes an August 2019 mistrial. (*See id.* at 2–4, 7.) The petitioner maintains that Judge David Dee Gay is biased against him for several reasons, including that: in

---

[1] The petitioner also mentions an allegedly related Davidson County prosecution (Doc. No. 1 at 8 ("The relat[ed] pending Sumner and Davidson County charges should not proceed"), but as explained below, the substance of the claims asserted in the petition relate to the Sumner County proceedings.

[2] The court takes judicial notice of this date from the Sumner County Criminal Court online records system. *See* https://sumner.tncrtinfo.com/crCaseForm.aspx?id=1FFE0EF9-604F-4B8A-8E35-2DEEB821C070 (last visited Nov. 3, 2022); Fed. R. Evid. 201(b) (allowing judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned").

December 2016, Judge Gay denied the petitioner's motion for a speedy trial; in January 2017, the petitioner filed a complaint against Judge Gay with the Board of Judicial Conduct; in February 2019, the petitioner named Judge Gay as a defendant in a civil case filed in this court;[3] at the petitioner's first trial in August 2019, Judge Gay improperly removed an African-American juror and prevented the petitioner from presenting exculpatory impeachment testimony to the jury; and in July 2022, Judge Gay held a hearing on the petitioner's motion to suppress, did not allow litigation on the facts or law, and did not state any findings on the record. (*Id.*)

Following the July 2022 denial of his motion to suppress, the petitioner asked his counsel to request an order setting out Judge Gay's findings, but counsel refused. (Doc. No. 5 at 1–2.) Counsel also refused to request an emergency interlocutory appeal of Judge Gay's decision. (*Id.* at 3.) Counsel "instructed the petitioner not to worry about the order and to focus on trial which is quickly approaching" (*id.* at 2)—currently scheduled for January 2023. (Doc. No. 1 at 7.)

The petitioner also alleges that police and prosecutors suppressed evidence prior to his first trial—namely, that the State's key witness cooperated with law enforcement in exchange for leniency in a separate criminal matter. (*Id.* at 5.) The petitioner maintains that, during an interview in April 2019, this witness told his investigator a version of the events underlying his criminal case that was inconsistent with the police's account. (*Id.*) After the interview, police told the witness not to sign any affidavits or speak further with the petitioner's representatives. (*Id.* at 6.) The

---

[3] There, the petitioner sued Judge Gay, Sumner County, a drug task force, and Officer Jason Arnold. *Burley v. Sumner Cnty. 18th Jud. Dist. Task Force*, No. 3:19-cv-00118. He alleged that the drug task force seized his property in February 2016, obtained civil forfeiture warrants for the property, and disregarded a state court order to hold the property in safekeeping before a state court ruled that the forfeiture warrants lacked legal authority. *See id.*, Doc. No. 58 at 1–2 (M.D. Tenn. Feb. 17, 2021) (summarizing allegations). In March 2021, the court granted Officer Arnold's motion to dismiss and Judge Gay's motion for summary judgment. *Id.*, Doc. No. 59 (M.D. Tenn. Mar. 5, 2021.) In doing so, the court adopted the Magistrate Judge's finding that Gay provided "appropriate evidence that he was not the judge who issued the warrants upon which Burley's claims [were] based." *Id.*, Doc. No. 58 at 6–7. That case is currently pending against Sumner County and the drug task force.

witness then "changed her account as told to the investigator to match that of the account given by the" police. (*Id.*) Some time after the April 2019 interview (but presumably before his first trial in August 2019), the petitioner filed a motion for a Franks hearing, and Judge Gay denied it. (*Id.*)

Based on these allegations, the petitioner asserts the following seven claims (six in the original petition, and one in the amended petition):

1. Judge Gay did not allow a full and fair opportunity to litigate his Fourth Amendment claims prior to denial of his motion to suppress in July 2022. (*Id.* at 2.)

2. Judge Gay is biased against him. (*Id.* at 3.)

3. Judge Gay violated his right to present a defense at his first trial. (*Id.* at 4.)

4. The state withheld impeachment evidence prior to his first trial. (*Id.* at 5.)

5. The state is violating his due process rights by continuing to rely on false and misleading evidence in his prosecution. (*Id.*)

6. The state is denying his right to a speedy trial. (*Id.* at 6.)

7. Counsel was ineffective regarding Judge Gay's July 2022 denial of his motion to suppress. (Doc. No. 5 at 1–3.)

The petitioner requests immediate release, dismissal of the pending Sumner County charge with prejudice to re-prosecution, quashing of his indictment, and any other relief the court finds appropriate. (*Id.* at 7–8.) Alternatively, he requests transfer of his state criminal prosecution to a jurisdiction outside Sumner County (*id.* at 8) and asks this court to hold a hearing on the merits of the motion to suppress denied by Judge Gay in July 2022. (Doc. No. 5 at 3.)

## II. Analysis

There is a "longstanding public policy against federal court interference with state court proceedings." *Younger v. Harris*, 401 U.S. 37, 43 (1971). To that end, federal courts should abstain from considering a pretrial habeas corpus petition "if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the

3

petitioner." *Atkins v. People of State of Mich.*, 644 F.2d 543, 546 (6th Cir. 1981) (collecting cases). In extraordinary circumstances, however, state pretrial detainees may seek federal habeas relief from pending state prosecutions under 28 U.S.C. § 2241. *See Christian v. Wellington*, 739 F.3d 294, 297 (6th Cir. 2014). The few recognized circumstances that may justify federal review include: (1) speedy-trial claims where a petitioner is seeking a prompt trial (rather than dismissal of charges), *Atkins*, 644 F.2d at 546–47; (2) double jeopardy claims, *Christian*, 739 F.3d at 297; (3) excessive bail claims, *Atkins*, 644 F.2d at 549; and (4) claims "to bar a state's attempted retrial rather than permitting a defendant to accept an initial plea offer originally rejected *because of* ineffective assistance of counsel." *Fleming v. Hamilton Cnty. Just. Ctr.*, No. 1:19-cv-1006, 2020 WL 1872351, at *3 (S.D. Ohio Apr. 15, 2020) (citing *Turner v. Tennessee*, 858 F.2d 1201, 1204 (6th Cir. 1988), *vacated on other grounds*, 492 U.S. 902 (1989)).

Even if a claim may be considered as a general matter, however, a habeas petitioner still "must exhaust all available state court remedies before proceeding in federal court." *Phillips v. Ct. of Common Pleas, Hamilton Cnty., Ohio*, 668 F.3d 804, 810 (6th Cir. 2012) (citation and footnote omitted). "[E]xhaustion requires that the same claim under the same theory be presented to the state courts before raising it in a federal habeas petition." *Smith v. Coleman*, 521 F. App'x 444, 450 (6th Cir. 2013) (quoting *Wagner v. Smith*, 581 F.3d 410, 417 (6th Cir. 2009)). This exhaustion requirement "protect[s] the state courts' opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes." *Atkins*, 644 F.2d at 546 (citations omitted).

Of the petitioner's seven claims, six are not suitable for consideration in a pretrial Section 2241 habeas petition, and one—his speedy-trial claim—is potentially cognizable but subject to

4

dismissal for failure to request an available remedy and failure to exhaust. The court will address each category of claims in turn.

### A. Claims Not Suitable for Consideration

Claims 1, 2, 3, 4, 5, and 7 are not among the recognized exceptions to the abstention doctrine discussed above. This includes the petitioner's challenges to the resolution of his motion to suppress in July 2022 (Claim 1), counsel's handling of Judge Gay's ruling on this motion[4] (Claim 7), and Judge Gay's impartiality (Claim 2). *See Patton v. Bonner*, No. 20-5531, 2021 WL 2026933, at *2 (6th Cir. Apr. 7, 2021) (denying certificate of appealability on pretrial detainee's Fourth Amendment claims brought under Section 2241 because he did not make "a substantial showing that he would be irreparably injured by having to litigate those claims in his state criminal case"); *Laird v. Pinkney*, No. 1:17 CV 0059, 2017 WL 1854736, at *3 (N.D. Ohio May 5, 2017) (finding that a claim challenging a state court's denial of a motion to suppress "is not one of the exceptions to abstention"); *Labadie v. Bitner*, No. 2:18-cv-41, 2018 WL 4090557, at *2 (W.D. Mich. Aug. 28, 2018) (noting that claim of ineffective assistance during preliminary examination was premature in Section 2241 petition); *Laury v. Picaell*, No. 08-CV-11391, 2008 WL 1456033, at *1 (E.D. Mich. Apr. 10, 2008) (rejecting claim of judicial bias raised in Section 2241 petition because the petitioner had "yet to be convicted of any criminal charges").

---

[4] The court notes the petitioner's concern that he will be barred from appellate review of the July 2022 denial of his motion to suppress because counsel has allegedly refused to request an order stating Judge Gay's findings on the record. (Doc. No. 5 at 2.) But that concern—in addition to not being an extraordinary circumstance justifying federal intervention in a state proceeding—appears to be unfounded. When a convicted defendant challenges the denial of a motion to suppress on direct appeal, and the trial court did not state its essential findings of fact on the record, the Tennessee Court of Criminal Appeals can remand the case to the trial court to remedy that failure, if doing so is necessary to review the suppression issue. *See State v. Norton*, No. M2009-01359-CCA-R3-CD, 2010 WL 4812852, at *5 (Tenn. Crim. App. Nov. 24, 2010) (remanding case for trial court to state on the record the factual findings and conclusions of law supporting the denial of a motion to suppress).

5

This also includes the petitioner's claim that the state is violating his due process rights by continuing to rely on false and misleading evidence in his prosecution (Claim 5). This is a type of *Brady* claim. *See Brooks v. Tennessee*, 626 F.3d 878, 894 (6th Cir. 2010) ("[A] false-testimony claim falls under the *Brady* disclosure doctrine."). And it is true that a *Brady* claim falls under the umbrella of prosecutorial misconduct, prosecutorial misconduct "sometimes intersect[s]" with "double jeopardy," *United States v. Paulus*, No. 20-6017, 2021 WL 3620445, at *4 (6th Cir. Aug. 16, 2021) (citing *Oregon v. Kennedy*, 456 U.S. 667, 676 (1982)), and double jeopardy claims can sometimes be considered in a pretrial habeas petition. *See Christian*, 739 F.3d at 297. But "the type of intentional prosecutorial misconduct that implicates the Double Jeopardy Clause has not been extended to *Brady*." *United States v. Paulus*, No. 20-6017, 2021 WL 3620445, at *3 (6th Cir. Aug. 16, 2021) (citing *Oregon v. Kennedy*, 456 U.S. 667, 676 (1982)). That is because these two concepts have "different underpinnings. Double jeopardy 'places a premium upon the defendant's right to one prosecution' while 'due process [(*Brady*)] simply requires that the defendant be treated fairly.'" *Id.* at *5 (citing *United States v. Coleman*, 862 F.2d 455, 458 (3d Cir. 1988)). Accordingly, the due process claim asserted in Claim 5 does not present one of the rare circumstances that may provide a basis for pretrial habeas relief. *See Lowe v. Prindle*, No. 2:14-104-KKC, 2014 WL 3695386, at *1, 4 (E.D. Ky. July 24, 2014) (holding that pretrial habeas claims asserting a state's failure to disclose exculpatory materials is not an exception to the abstention rule).

Finally, it is not appropriate for this court to exercise jurisdiction over the petitioner's claims of error at his first trial stemming from Judge Gay's asserted violation of his right to present a defense (Claim 3) and the state's asserted suppression of impeachment evidence (Claim 4). *See Hairston v. Franklin Cnty. Ct. of Common Pleas*, No. 2:17-CV-00353, 2017 WL 2972151, at *1–2 (S.D. Ohio July 12, 2017) (quoting *Atkins*, 644 F.2d at 546) (holding that claimed violations of

a defendant's right to confront witnesses are among the claims that "may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner"); *Lowe*, 2014 WL 3695386, at *1, 4 (rejecting Section 2241 petitioner's *Brady* claim). And because these two claims relate to proceedings that ended in a mistrial, they are also moot. *See Winburn v. Nagy*, No. 20-13045, 2021 WL 130966, at *5 (E.D. Mich. Jan. 14, 2021) (citations omitted) (holding that claims concerning a prior proceeding that ended in a mistrial were moot because "a claim for habeas relief becomes moot when the controversy between the parties is no longer alive because the party seeking relief has obtained the relief requested").

For all of these reasons, Claims 1, 2, 3, 4, 5, and 7 will be denied.

**B.  Speedy-Trial Claim**

In Claim 6, the petitioner asserts that the state is denying his right to a speedy trial. As an initial matter, the petitioner requests immediate release and dismissal of the pending state charge, and that relief is not available for a Section 2241 speedy-trial claim. *See Atkins*, 644 F.2d at 549. This claim is subject to dismissal for that reason alone. *See Smith v. Burt*, No. 19-1488, 2019 WL 5608064, at *2 (6th Cir. Oct. 28, 2019) (quoting *Atkins*, 644 F.2d at 546) ("Exhaustion of state court remedies is 'especially forceful' if the claim involves the right to a speedy trial, given that the relief granted—dismissal of the case—'could not be more disruptive of pending state actions.' Thus, relief is typically limited to forcing the State to bring the petitioner to trial, not to dismiss the underlying charges outright.").

Moreover, even liberally construing the petitioner's open-ended request for "such other relief as may be appropriate" (Doc. No. 1 at 8) to include a request to bring him to trial, he still has not exhausted state court remedies. The petitioner filed a "demand for a speedy trial" in December 2016, Judge Gay denied relief, and the petitioner went to trial in August 2019. (Doc. No. 1 at 7.)

7

That proceeding ended in a mistrial, and the petitioner does not allege that he has filed any speedy-trial motions in the trial court since that time. (*See id.*) The petitioner does make a passing reference to "the state court's inaction on [his] speedy trial motions" (*id.* at 9), but he does not provide any context for this statement whatsoever, such as what motion (or motions) he is referring to, when he filed them, what they argue, and what he means by the state court's "inaction." The petitioner, moreover, seemingly concedes that the petition includes "unexhausted claims" by asking the court to look past this deficiency based on the "special circumstances" of this case. (*Id.* at 8.) Accordingly, the petitioner has not established that he "has availed himself fully of the state machinery in attempting to have the state commence trial on the charges pending against him," as required to exhaust a speedy-trial claim. *Atkins*, 644 F.2d at 547.

The court recognizes that the exhaustion requirement applicable to Section 2241 habeas petitions "may be excused . . . 'where pursuing such remedies would be futile or unable to afford the petitioner the relief he seeks.'" *Smith v. Jackson*, No. 20-2264, 2021 WL 2555478, at *2 (6th Cir. June 3, 2021) (quoting *Fazzini v. N.E. Ohio Corr. Ctr.*, 473 F.3d 229, 236 (6th Cir. 2006)). Here, the petitioner's argument for excusing the exhaustion requirement is effectively the same as his argument in support of the speedy-trial claim. (*See* Doc. No. 1 at 8 ("Petitioner asks that the Court [accept] his unexhausted claims due to the special circumstances created by the nearly six (6) year pending state criminal proceedings.").) That the petitioner perceives this claim to have merit, however, does not allow him to avoid making his speedy-trial argument to the state trial court in the first instance, rather than petitioning this court for extraordinary federal intervention.

Finally, the petitioner seemingly argues that pursuing exhaustion would be futile because he is represented by counsel in state court, and represented parties cannot file pro se motions. (Doc. No. 5 at 3.) He is right that "Tennessee courts have consistently restricted defendants from

'representing themselves while simultaneously being represented by counsel.'" *Hill v. Carlton*, 399 F. App'x 38, 43 (6th Cir. 2010) (quoting *Williams v. State*, 44 S.W.3d 464, 469 (Tenn. 2001)). But Tennessee's default rule against hybrid representation does not provide a free pass to forego Section 2241's well-established exhaustion requirement. *See Wallace v. Sexton*, 570 F. App'x 443, 451 (6th Cir. 2014) (holding that represented petitioner's claims were not properly raised through a pro se brief that was ignored by the state court). The petitioner does not attempt to explain how this rule has prevented him from raising his speedy-trial argument in the trial court following the August 2019 mistrial. Accordingly, the petitioner's speedy-trial claim will be dismissed without prejudice.

**III.     Conclusion**

For these reasons, the petitioner is not entitled to federal habeas relief from his state prosecution under Section 2241. Accordingly, this case is **DISMISSED** without prejudice.

The court takes judicial notice that the state trial court currently has a hearing scheduled on an unspecified motion (or motions) on December 2, 2022, with trial set for January 18, 2023.[5] The state court, therefore, appears to be acting to bring the petitioner's case to trial in relatively short order. If the petitioner remains dissatisfied with the pace of proceedings, however, he is free to refile a fresh federal Section 2241 petition raising a speedy-trial claim in the future, provided he seeks a prompt trial rather than dismissal of his state charge, and provided that he exhausts the available state-court remedies before doing so.

The petitioner cannot appeal this adverse ruling without a certificate of appealability (COA). *See* Habeas Rule 11(a). A COA requires "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, a habeas petition is "denied on

---

[5] *See* https://sumner.tncrtinfo.com/crCaseForm.aspx?id=1FFE0EF9-604F-4B8A-8E35-2DEEB821C070 (last visited Nov. 3, 2022).

procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 253 (6th Cir. 2017) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The petitioner has not satisfied this standard, so the court **DENIES** a COA. If the petitioner files a notice of appeal in this court, however, he may request a COA directly from the Sixth Circuit Court of Appeals. Fed. R. App. P. 22(b)(1).

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge